[Cite as *In re R.N.*, 2016-Ohio-5830.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101907**

# IN RE: R.N.
# A Minor Child

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 11119178

**BEFORE:** Jones, A.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** September 15, 2016

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY: Brooke M. Burns
        Sheryl Trzaska
Assistant State Public Defenders
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Ben Pandurevic
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., A.J.:

**{¶1}** In 2011, R.N. admitted to one count of rape, in violation of R.C. 2907.02(A)(1)(b), for engaging in sexual conduct with a person under the age of 13. The juvenile court remanded R.N. to the custody of the Ohio Department of Youth Services ("ODYS") until his 21st birthday.

**{¶2}** In 2014, R.N. was released from ODYS, and the juvenile court set the case for a sexual offender classification hearing under R.C. 2152.83(A). Prior to the hearing, R.N. filed a memorandum in which he objected to the classification as a violation of double jeopardy protections. R.N. also objected to the constitutionality of a classification order that extends beyond the age jurisdiction of juvenile court. After hearing arguments from the parties relative to the issues raised by R.N., the court overruled his objections and proceeded with the hearing.

**{¶3}** A psychologist, Scott Spohn, testified about his work conducting sexual offender treatment with R.N. Spohn testified that R.N. successfully completed treatment, and showed "tremendous insight and motivation." Spohn believed that R.N. did an "exceptional job" understanding his risk factors and developing realistic strategies to deal with risky situations in a healthy manner. Spohn further testified that R.N.'s "level of empathy, remorse, and guilt increased tremendously" throughout his treatment.

**{¶4}** At the conclusion of the hearing, the juvenile court found that R.N. was subject to a mandatory classification under R.C. 2152.83(A). The court labeled him a

tier II juvenile sex offender.   This appeal follows, with R.N. raising two assignments of error:

> I.   R.N.'s classification as a tier II juvenile offender registrant violates his right under the Double Jeopardy Clause to be protected from multiple punishments for the same offense in successive proceedings.
>
> II.   The Cuyahoga County Juvenile Court erred when it classified R.N. as a tier II juvenile offender registrant because it imposed a punitive sanction that extends beyond the age jurisdiction of the juvenile court.

{¶5} The Ohio Supreme Court has recently decided the issues raised in this appeal in *In re D.S.*, 140 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184.   The court held as follows:

> Conducting a sex-offender-classification hearing under R.C. 2152.83 upon a delinquent child's release from a secure facility does not violate the prohibition against double jeopardy.
>
> The imposition of juvenile-offender-registrant status under R.C. 2152.82 or 2152.83(B) with corresponding registration and notification requirements that continue beyond the offender's reaching age 18 or 21 does not violate the offender's due-process rights.

*Id.* at paragraphs two and three of the syllabus, respectively.

{¶6} In light of the Ohio Supreme Court's decision, R.N.'s two assignments of error are without merit and are hereby overruled.

{¶7} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR